UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEPHEN BOWERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-CV-3 |
| v. ) | (JORDAN/SHIRLEY) |
| ) | |
| BERKSHIRE LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **O R D E R**

This case is before the undersigned on the Defendant's Motion for Clarification [Doc. 54], filed on June 7, 2013. See 28 U.S.C. § 636(c). The Defendant's motion seeks clarification of the District Court's Order [Doc. 53] and requests that the Court not reopen the discovery and expert disclosure deadlines. The Plaintiff has failed to respond to the Defendant's request and the time for responding has expired. See E.D. Tenn. L.R. 7.2; see also Campbell v. McMinn County, 2012 WL 369090 (E.D. Tenn. 2012) (Curtis, C.J.) ("Plaintiff's failure to respond effectively waives any objections that he may have had on this matter.").

By way of background, the District Court entered an Order [Doc. 23] resetting the trial for May 21, 2013.[1] The District Court's Order stated, "All pretrial deadlines contained in the court's scheduling order that were pending as of the entry of this order

---

[1] The Court notes that the trial in this case was originally scheduled for April 16, 2012. Pursuant to the parties' joint motion to continue, the District Court reset the trial [Doc. 15] for October 23, 2012. Thereafter, the Plaintiff requested additional time to file his response to the Defendant's motion for summary judgment, so on July 17, 2012, the District Court reset [Doc. 23] the trial for May 21, 2013.

1

are continued to conform with the new trial date." (emphasis added). Subsequently, the District Court entered an Order [Doc. 53] continuing the trial again because the parties had not filed the agreed pretrial order. The trial was continued to February 11, 2014. The District Court stated that any deadlines should be calculated and applied using the new trial date. The deadlines for completing discovery and for expert disclosures had both expired prior to the District Court's Order [Doc. 53] on April 29, 2013.[2] In fact, the Plaintiff's expert disclosure deadline had previously expired on or about June 23, 2012, pursuant to the District Court's Order [Doc. 15] on January 9, 2012. As such, at the time of the District Court's Order [Doc. 23] on July 17, 2012, the Plaintiff's expert disclosure deadline had been expired for approximately twenty-four days. The Order [Doc. 23] on July 17, 2012, only extended deadlines for those that were still "pending as of the entry of this order." The Plaintiff's expert disclosure deadline was no longer pending as of the entry of the July 17, 2012 Order [Doc. 23].

In the instant motion, the Defendant asks the Court for clarification of the District Court's Order [Doc. 53]. Specifically, the District Court stated, "Pretrial deadlines and filing dates set out in the scheduling order are to be calculated and applied using the new trial date." The Defendant states that the Plaintiff has now requested dates for depositions and indicated that experts might be disclosed. The Defendant argues that it has already conducted discovery, disclosed its experts, fully briefed its dispositive motion, provided witness and exhibit lists, and disclosed its theory of the defense. The Defendant requests that the discovery deadline and the expert disclosure deadline not be reopened.

---

[2] The deadline for completing discovery had expired on April 21, 2013.

The Court finds that the Defendant's Motion for Clarification [**Doc. 54**] is well-taken to the extent it requests that expired deadlines should not be reopened, and is hereby **GRANTED**. The Plaintiff has had sufficient time to conduct discovery and disclose any experts. In addition, as mentioned above, both the Plaintiff's expert disclosure deadline and the discovery deadline had expired prior to the April 29, 2013 Order. Accordingly, the Court finds that all expired deadlines as of April 29, 2013, are not to be reopened and that the parties should calculate any unexpired deadlines pursuant to the Scheduling Order [Doc. 7].

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge