UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEPHEN BOWERY, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 3:11-CV-03-RLJ-CCS |
| v. | ) ) |
| BERKSHIRE LIFE INS. CO. OF AMER., | ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Enforce Settlement Agreement [Doc. 61]. On March 13, 2014, the Clerk of Court sent notice stating that the Court would hear oral arguments on this motion on April 15, 2014. On April 15, 2014, the parties appeared before the Court. Counsel appeared on behalf of the Defendant. Attorney Robert Asbury appeared on behalf of Plaintiff, who was also present in the courtroom. At that time, the Court found that the actions of Plaintiff's counsel and the apparent disagreements between Plaintiff and his counsel made it impossible to hear the Motion to Enforce Settlement Agreement.

The Local Rules of the Eastern District of Tennessee unequivocally state: "No attorney shall withdraw from representation in any pending action or proceeding, either civil or criminal, except by leave of the Court as prescribed in subsection 83.4(f) of this rule." Two attorneys have appeared in this case on Plaintiff's behalf: Robert M. Asbury and Jason R. McLellan. Neither of these attorneys have filed motions to withdraw pursuant to Rule 83.4, and more importantly,

neither of these attorneys have been permitted to withdraw from this case by the Court. Thus, there are currently two attorneys whose professional duty it is to represent the Plaintiff until ordered otherwise by the Court.

Consistent with this obligation, Mr. Asbury appeared before the undersigned on April 15, 2014, but Mr. Asbury is neither admitted to practice in the Eastern District of Tennessee nor admitted to practice *pro hac vice* in the Eastern District of Tennessee. Thus, he may not advocate for Plaintiff in this Court. Mr. Asbury has filed two motions for admission *pro hac vice*, both of which have not complied with Local Rule 83.5. During the hearing, Mr. Asbury stated that, at this juncture, he would like to withdraw from this case rather than re-applying to appear *pro hac vice*. Mr. Asbury's preference is likely based upon the fact that he and the Plaintiff have taken fundamentally opposed positions with regard to the facts relevant to the Motion to Enforce Settlement. Thus, the only attorney who appeared before the Court on April 15, 2014 was not permitted to practice in this Court and was not prepared to represent the Plaintiff going forward.

Attorney Jason McLellan has been admitted to practice in the Eastern District of Tennessee since October 11, 2007, and as stated above, he has appeared on behalf of the Plaintiff and has not been granted leave to withdraw from this matter. Notwithstanding, both Mr. Asbury and the Plaintiff reported to the Court on April 15, 2014, that Mr. McLellan thought he had been "fired" from this case and had "abandoned" this case. Thus, the only attorney who has appeared on behalf of the Plaintiff and is permitted to practice in this Court has apparently abandoned the case in contravention of Local Rule 83.4.

Presented with these issues, the Court determined that the Court's hearing on the Motion to Enforce Settlement must be delayed to allow the Court to: order the presence of both of the

Plaintiff's attorneys; determine the issue of Plaintiff's representation; and obtain any evidence relevant to either the representation issue or the Motion to Enforce Settlement. Regrettably, counsel for the Defendant had travelled approximately 360 miles to be present at the hearing on April 15, 2014, without knowing that the issues with Plaintiff and his attorneys would require delaying the hearing. Defendant moved the Court to proceed with the hearing on April 15, 2014, but the Court found that doing so would likely prejudice both the Plaintiff and the Defendant.

Based upon the foregoing, it is **ORDERED**:

1. Plaintiff Stephen Bowery, Mr. Robert M. Asbury, and Mr. Jason R. McLellan **SHALL APPEAR** before the undersigned at **9:30 a.m. on June 19, 2014**, in Courtroom 3B of the Howard H. Baker, Jr., United States Courthouse in Knoxville, Tennessee, for an evidentiary hearing with respect to the issues discussed above. Each of these persons **SHALL** be prepared to offer testimony as the Court deems necessary.

2. Mr. Jason McLellan **SHALL APPEAR** before the undersigned at **9:30 a.m. on June 19, 2014**, in Courtroom 3B of the Howard H. Baker, Jr., United States Courthouse in Knoxville, Tennessee, to **SHOW CAUSE** why the undersigned should not **RECOMMEND** that the Honorable R. Leon Jordan, United States District Judge, or the Honorable Thomas A. Varlan, Chief United States District Judge, issue sanctions or take other disciplinary action against Mr. McLellan based upon Mr. McLellan's failure to comply with the Local Rules of the Eastern District of Tennessee and his duties as an attorney practicing in the Eastern District of Tennessee, see E.D. Tenn. L.R. 83.4, 83.6.

3. The Clerk of Court **SHALL MAIL** a copy of this Memorandum and Order, *via certified mail*, to:

   a. Stephen Bowery, 4628 Meredith Road, Knoxville, TN 37921;

   b. Robert M. Asbury, 5731 Lyons View Pike, Suite 206, Knoxville, TN 37919;

   c. Mr. Jason R. McLellan, 158 Cherokee Street, Kingsport, TN 37660.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge