STEPHEN BOWERY,           )
                              )
        Plaintiff,       )
                              )
                              )    No. 3:11-CV-03-RLJ-CCS
v.                           )
                              )
BERKSHIRE LIFE INS. CO. OF AMER.,  )
                              )
        Defendant.     )

## <u>MEMORANDUM AND ORDER</u>

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court two motions relating to Plaintiff's representation by counsel. First, is the Renewed Motion for Admission Pro Hac Vice [Doc. 68], filed by Attorney Robert Asbury, who intended to appear on behalf of the Plaintiff. This motion was filed just one day before the Court's hearing on April 15, 2014. At that hearing, the Plaintiff and Mr. Asbury represented to the Court that Plaintiff did not desire for Mr. Asbury to continue as counsel in this matter. Moreover, because the request to proceed pro hac vice had not yet been granted, Mr. Asbury was not permitted to appear as counsel in this case. The Court found that it was not appropriate to relieve Mr. Asbury of his duties as counsel at the hearing conducted on April 15, 2014, because the issue of Plaintiff's representation was complicated by further issues relating to Attorney Jason McLellan.

Mr. McLellan had appeared as counsel for the Plaintiff in this case upon its removal from state court in early 2011. To date, Mr. McLellan has not been granted leave to withdraw as counsel for the Plaintiff. However, Mr. McLellan did not appear at the hearing conducted April

15, 2014. Plaintiff stated that he believed Mr. McLellan had not appeared because Plaintiff had "fired" Mr. McLellan based upon a lack of responsiveness.

On April 18, 2014, the undersigned entered an Order directing that Mr. Asbury, Mr. McLellan, and the Plaintiff appear before the undersigned on June 19, 2014, to address the pending motions in this case and the issue of Plaintiff's representation. On June 9, 2014, Mr. McLellan filed a "Motion to Withdrawal [sic] and/or Otherwise Substitutes [sic] Counsel for Plaintiff," [Doc. 71]. Mr. McLellan represented that the Plaintiff had sent him a letter stating that the Plaintiff desired for Mr. McLellan to withdraw as counsel in this matter. [Doc. 71-1].

Mr. Asbury, Mr. McLellan, and the Plaintiff all appeared before the undersigned on June 19, 2014. (Counsel for the Defendant was also present at the hearing.) The Court heard from each of them at length. Both counsel moved the Court to permit them to withdraw from representation and the Plaintiff agreed with their position. The Court determined that it was appropriate to relieve Mr. McLellan of his duties as counsel in this matter and to deny Mr. Asbury's request to appear pro hac vice in this case. The Court admonished the Plaintiff of the advantages of obtaining counsel, and despite the Defendant's objection, the Court found that it was appropriate to set off any argument on the Motion to Enforce Settlement to allow the Plaintiff a period to attempt to obtain counsel. The Plaintiff was advised orally that he would be proceeding *pro se* until he obtained substitute counsel. He was further advised that, if counsel was not obtained prior to the next hearing, he would be required to proceed *pro se* at that hearing.

Finally, the Court advised the Plaintiff, Mr. Asbury, and Mr. McLellan that the Court's decision was founded upon Local Rule 83.4 and was a determination of whether these attorneys would represent Plaintiff in this Court in this case. The Court advised that the attorney-client

relationship between Plaintiff and either of these attorneys outside of the Court is a matter governed by their agreements.

Accordingly, and based upon the foregoing, it is **ORDERED**:

1.  The Renewed Motion for Admission Pro Hac Vice **[Doc. 68]** is **DENIED**. Having neither been admitted to practice in this Court and having not submitted a complete request for admission pro hac vice, Mr. Asbury cannot appear in this Court;

2.  The "Motion to Withdrawal [sic] and/or Otherwise Substitutes [sic] Counsel for Plaintiff," **[Doc. 71]** is **GRANTED**, and Mr. McLellan is **RELIEVED** of his duties as counsel in this matter;

3.  Plaintiff Stephen Bowery is **DEEMED** to be proceeding *pro se*;

4.  The Clerk of Court is **DIRECTED** to enter Plaintiff's contact information in the docket and to mail a copy of this Memorandum and Order to Plaintiff;

5.  The Plaintiff is hereby **ADMONISHED** that he is charged with litigating this case in a manner consistent with the Federal Rules of Civil Procedure and applicable law and that he is bound by all deadlines previously set by the Court;

6.  The parties **SHALL APPEAR** before the undersigned at **1:30 p.m. on July 24, 2014**, for a hearing to address the Motion to Enforce Settlement; and

7.  Based upon their representations to the Court, Mr. Asbury and Mr. McLellan are **ORDERED** to appear at the hearing on July 24, 2014, prepared to offer testimony as appropriate, without being served with a subpoena or otherwise compelled to attend.

**IT IS SO ORDERED**.

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3